1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

Oscar EDUARDO-LEMA-SANCHEZ,

Petitioner,

v.

Patrick DIVVER, et al.,

Respondents.

Case No.:  26-cv-1016-AGS-DDL

**ORDER REQUIRING RETURN**

Petitioner Oscar Eduardo-Lema-Sanchez seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant an answer or return. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

In "November 2023," petitioner, a "citizen of Ecuador," "entered the United States." (ECF 1, at 4.) He was apprehended, expressed a "fear of return to Ecuador," and "was released from immigration custody." (*Id*.) Though the petition is thin on critical details, "at some point thereafter" "DHS initiated removal proceedings," and during those proceedings "re-detained" petitioner. (*Id*.) His case is still pending, and he is still in custody. (*Id*.) He asserts that his detention under "8 U.S.C. §1225" is unlawful, because his case is governed by "8 U.S.C. § 1226"—which authorizes release on bond or conditional parole. (*Id*. at 5, 10.)

1      This challenge merits a response. The two Courts of Appeals to address this question

2  disagreed about how to interpret the issue. *Compare Castañon-Nava v. United States Dep't*

3  *of Homeland Sec.*, 161 F.4th 1048, 1060, 1062 (7th Cir. 2025) (concluding "on this

4  preliminary [motion-to-stay] record" that plaintiffs who are "unlawfully already in the

5  United States" are not "subject to mandatory detention under § 1225(b)(2)(A)"), *with*

6  *Buenrostro-Mendez v. Bondi*, No. 25-20496, __ F.4th ___, 2026 WL 323330, at *1

7  (5th Cir. Feb. 6, 2026) (holding that, under § 1225(b)(2)(A), petitioners who entered the

8  United States "illegally many years ago" must "be detained" without a bond hearing). But

9  most petitioners have nonetheless obtained habeas relief in functionally identical cases.

10 *See, e.g.*, *Barco Mercado v. Francis*, ___ F. Supp. 3d. ___, No. 25-cv-6582 (LAK),

11 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (noting that, in "350" of the "362"

12 opinions to address this issue, the petitioners "prevailed, either on a preliminary or final

13 basis," and these cases were "decided by over 160 different judges sitting in about fifty

14 different courts"). And a district court recently "vacate[d]" the Board of Immigration

15 Appeals decision that respondents have regularly relied on to mandatorily detain those in

16 Singh's position, holding that the BIA decision was "contrary to law" under the

17 Administrative Procedure Act. *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM,

18 __ F. Supp. 3d __, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026).

19     In addition, respondents have routinely conceded these claims when brought by

20 those—like petitioner—who seem to be members of the Bond Eligible Class certified in

21 that same case. *See Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL

22 3713987, at *32 (C.D. Cal. Dec. 18, 2025). So, by **Monday, February 23, 2026**, the

23 government is ordered to file a brief stating whether it: (1) agrees petitioner is detained

24 under 8 U.S.C. § 1226 and (2) intends to concede petitioner's right to a bond hearing under

25 that authority. If respondents do not concede, they must answer the petition by February 26,

26 2026.

27

28

1 | Dated:  February 19, 2026

2

3 | Hon. Andrew G. Schopler
United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3